**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000353
30-APR-2021
07:56 AM
Dkt. 77 SO**

NO. CAAP-19-0000353

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LINCOLN HUESTON, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 5SPP-17-1-0001)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka, and Wadsworth, JJ.)

        Petitioner-Appellant Lincoln Hueston (**Hueston**) appeals from the "Order Denying [Hueston's] Petition for Revocation of Restitution [(**Petition**)] Filed on August 24, 2017," entered on March 21, 2019 (**March 21, 2019 Order**), in the Circuit Court of the Fifth Circuit (**circuit court**).[1/]  Hueston contends that the circuit court erred in denying the Petition, because it contained allegations that if proven would have entitled Hueston to relief.

        After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Hueston's contention as follows.

**I. Background**

        In 2009, Hueston pleaded guilty to and was convicted of one count of Theft in the First Degree and forty-nine counts of

---

[1/]      The Honorable Randal Valenciano presided.

Forgery in the Second Degree.[2/]   At a June 3, 2009 sentencing hearing, the following exchange between the circuit court and Hueston regarding restitution occurred:

> [THE COURT:]  And the amount of restitution that the Court is ordering -- this is through a freestanding order, as requested by the prosecutors -- is $212,060.10.  This is what has been verified by the probation department.  The Court is, as I said, ordering a freestanding order.
>
> . . . [Y]ou're going to start making the payments on the restitution, followed by the crime victim compensation fees, and I'm not going to waive any of that.  You're going to start making payments 60 days after you're released from prison, and I'm proposing that you pay minimum payments of $200 a month.
>
> Now, Mr. Hueston, I know looking down the road, you don't know what you're going to be doing, you don't know what kind of employment you're going to be doing, but setting it at $200 a month, Mr. Hueston, do you foresee a problem with that after you get out of prison and get employment?
>
> [HUESTON]:  No, your Honor.
>
> THE COURT:  All right. Very well. Then I'll note that for the record.

Pursuant to the June 10, 2009 Judgment of Conviction and Sentence (**Judgment**), Hueston was sentenced to, *inter alia*, ten years imprisonment for Theft in the First Degree and five years imprisonment for each count of Forgery in the Second Degree, all sentences to run concurrently.  As was discussed at the sentencing hearing, Hueston's sentence also included the order to pay restitution in the amount of $212,060.00, as well as certain other fees, in monthly installments of no less than $200 commencing 60 days after release from incarceration.

On June 10, 2009, the circuit court also entered its "Findings of Fact, Conclusions of Law and Order Granting [Respondent-Appellee State of Hawaii's (**State**)] Oral Motion for Free-Standing Restitution Order," as well as a separate "Order of Restitution."  The circuit court "conclude[d] that a separate free-standing restitution order obligating [Hueston] to pay the outstanding restitution beyond the expiration date of his

---

[2/]     The Honorable Kathleen N.A. Watanabe presided.

probation[3] term [was] warranted."[4]  (Footnote added.)

On August 24, 2017, Hueston filed the Petition. Hueston alleged that he was sentenced "to make payments of restitution totaling the amount of $217,400.00"; "[n]o hearing was held to determine if the amount of restitution was an amount that [Hueston] could afford to pay"; and "the amount of restitution imposed by the Court is an amount of which [Hueston] is unable to pay."  He further stated that he was currently incarcerated; he earned 25 cents an hour in prison, which he "used for the purchase of basic needs"; and he would remain incarcerated until the end of his maximum sentence on May 28, 2019.  Hueston concluded that "[p]ursuant to [HRS] § 706-645 and § 706-644(d) [sic], the Circuit Court may revoke [Hueston's] restitution" in this case, and requested a hearing on the Petition.

In its March 21, 2019 Order, the circuit court denied the Petition without a hearing.

## II. Discussion

We treat the Petition as a non-conforming Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 petition. See infra. We review an order denying an HRPP Rule 40 petition without a hearing *de novo*, using the right/wrong standard of review. Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994).  "The

---

[3]    It appears that the court meant to reference Hueston's "imprisonment term," rather than "probation term," as Hueston was not sentenced to a term of probation in this case.

[4]    On January 7, 2014, pursuant to a motion by the State, and following a December 16, 2013 hearing, the circuit court issued an "Order Re State's Motion to Amend the Judgment Filed on 6/10/09 to Conform to [Hawaii Revised Statutes (HRS)] 353-22.6" (**January 7, 2014 Order**).  The January 7, 2014 Order concluded that HRS "§ 353-22.6 is to be applied to Hueston" and "the original judgment herein is not to interfere with the Department of Public Safety's, or any other State agency['s], enforcement of HRS § 353-22.6[.]"  The January 7, 2014 Order further provided that "the director of public safety shall enforce the instant victim restitution order against all moneys earned by Hueston or deposited or credited to his individual account while he is incarcerated[,]" by deducting twenty-five percent of the total of such amounts, to be paid as restitution "to the victim once the amount reaches $25, or annually, whichever is sooner."

The Petition does not challenge the January 7, 2014 Order, and it is not mentioned in Hueston's opening brief.  We thus deem any such issue waived. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4), (7).

question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court." Lewi v. State, 145 Hawaiʻi 333, 345, 452 P.3d 330, 342 (2019) (quoting Dan, 76 Hawaiʻi at 427, 879 P.2d at 532). To establish a colorable claim of illegal sentence, the allegations of the petition must show that if taken as true the facts alleged would change the petitioner's sentence; however, a petitioner's conclusions need not be regarded as true. See id. (quoting Dan, 76 Hawaiʻi at 427, 879 P.2d at 532).

Hueston argues that the Petition established a colorable claim for relief under HRS § 706-645 by "assert[ing] [Hueston's] inability to pay restitution due to the length of his incarceration and the high amount of the restitution."[5/] Hueston further argues that these allegations "if taken as true, could have potentially changed the restitution amount to which [Hueston] was sentenced."

HRS § 706-645 (2014) provides:

> (1) A defendant who has been sentenced to pay a fine or restitution and who is not in contumacious default in the payment thereof may at any time petition the court which sentenced the defendant for a revocation of the fine or restitution or of any unpaid portion thereof.
>
> (2) If it appears to the satisfaction of the court that the circumstances which warranted the imposition of the fine or restitution have changed, or that it would otherwise be unjust to require payment, the court may revoke the fine or restitution or the unpaid portion thereof in whole or in part. Prior to revocation, the court shall afford the prosecuting attorney an opportunity to be heard.

(Emphasis added.) The statute thus authorizes the sentencing court "to alter, amend, or revoke restitution orders on the basis of unforeseen or changed circumstances[.]" State v. Gaylord, 78 Hawaiʻi 127, 153 n.50, 890 P.2d 1167, 1193 n.50 (1995). A petition under HRPP Rule 40 is the appropriate way to seek relief

---

[5/] The Petition also cited HRS § 706-644(d) as authorizing the circuit court to revoke Hueston's restitution. To the extent that Hueston may have intended to cite HRS § 706-644(4), which applies where "the defendant's default in the payment of a fee, fine, or restitution is not contumacious," that section did not apply here, where Hueston presented no evidence that he was in default of the payment of restitution. Hueston does not rely on HRS § 706-644 in the opening brief.

under HRS § 706-645. See State v. Kealoha, 142 Hawaiʻi 46, 63, 414 P.3d 98, 115 (2018).

Here, the Petition did not establish a colorable claim for revocation of restitution under HRS § 706-645. Hueston alleged in the Petition that "the amount of restitution imposed by the Court is an amount of which [Hueston] is unable to pay." However, Hueston's asserted inability to pay the amount of restitution was not, as a matter of law, an unforeseen or changed circumstance or other injustice authorizing a revocation of restitution. Specifically, HRS § 706-646(3) provides that "[i]n ordering restitution, the court shall not consider the defendant's financial ability to make restitution in determining the amount of restitution to order." HRS § 706-646(3) (Supp. 2016) (emphases added); see Commentary on HRS § 706-646 (2014) (noting that "Act 230, Session Laws 2006, amended this section to, among other things, require that when restitution is ordered, the amount ordered is not based on the defendant's financial ability to make restitution[.]"). Thus, a defendant's financial inability to make restitution was a foreseen circumstance, and the legislature determined that the amount of restitution ordered must not be based on the defendant's ability to make payment.[6]

In contrast, "[t]he court . . . shall consider the defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment." HRS § 706-646(3). Here, at the June 3, 2009 sentencing hearing, Hueston stated that he did not "foresee a problem" in making minimum payments of $200 per month toward his restitution obligation after his release from prison. When Hueston filed the Petition in 2017, he stated that he was currently incarcerated and would remain incarcerated until the end of his maximum sentence on May 28, 2019. He did not allege unforeseen or changed circumstances or other injustice regarding the time or manner of payment of his restitution obligation after his release. Indeed, rather than seeking an alteration of the payment terms, *i.e.,*

---

[6] Accordingly, when the circuit court ordered restitution in 2009, it was not required to hold a hearing "to determine if the amount of restitution was an amount that [Hueston] could afford to pay."

5

monthly installments of $200 commencing 60 days after his release from prison, Hueston sought revocation of restitution based on his asserted inability to pay the amount of $212,060.00.

We conclude that Hueston's asserted inability to pay the amount of restitution did not constitute an unforeseen or changed circumstance or other injustice authorizing a revocation of restitution under HRS § 706-645.  Because Hueston failed to establish a colorable claim for relief under HRS § 706-645, the circuit court did not err in denying the Petition without a hearing.

### III. Conclusion

For the reasons discussed above, the "Order Denying [Hueston's] Petition for Revocation of Restitution Filed on August 24, 2017," entered on March 21, 2019, in the Circuit Court of the Fifth Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, April 30, 2021.


On the briefs:

Rosa Flores
(Greg Ryan and Associates)
for Petitioner-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Respondent-Appellee.

/S/ Katherine G. Leonard
Presiding Judge


/s/ Keith K. Hiraoka
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge